IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HOMER EMMETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-014 |
| | ) | |
| VICTOR WALKER, Warden; VERNEAL EVANS, Captain; FNU ROBINSON, Lieutenant; T.J. CONLEY, Deputy Warden of Security; FNU KNIGHT, Sergeant; FNU SEGUR, Corrections Officer; JAMES E. DONALD, Commissioner; STATE OF GEORGIA; FNU LEATH, Lieutenant; J. MARTIN, Sergeant; A. CAIN, Sergeant; S. JONES, Corrections Officer; S. VALLES, Corrections Officer; L. HARRIS, Corrections Officer; T. DAVIS, Corrections Officer; D. ROWAN/CLARK, Corrections Officer; FNU HOWELL, Food Director; K. REAID, LPN; L. JIMPERSON; FNU JONES; FNU MICHALAS, Medical Director; FNU REDD, Unit Manager; and GEORGIA DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened

to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on April 23, 2008, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 9). Plaintiff submitted a second amended complaint (doc. no. 11), and it is this document that the Court will now screen.[1]

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Victor Walker, Warden; (2) Verneal Evans, Captain; (3) FNU Robinson, Lieutenant; (4) T.J. Conley, Deputy Warden of Security; (5) FNU Knight, Sergeant; (6) FNU Segur, Corrections Officer; (7) James E. Donald, Commissioner; (8) State of Georgia; (9) FNU Leath, Lieutenant; (10) J. Martin, Sergeant; (11) A. Cain, Sergeant; (12) S. Jones, Corrections Officer; (13) S. Valles, Corrections Officer; (14) L. Harris, Corrections Officer; (15) T. Davis, Corrections Officer; (16) D. Rowan/Clark, Corrections Officer; (17) FNU Howell, Food Director; (18) K. Reaid, LPN; (19) L.

---

[1] Prior to the Court's screening of Plaintiff's original complaint, Plaintiff filed a motion to amend. On March 12, 2008, the Court entered an Order noting that Plaintiff's motion was moot because he was allowed to amend his complaint once as of right. (Doc. no. 7). However, the Court noted that Plaintiff improperly attempted to amend his complaint in a piecemeal manner and thus, it directed Plaintiff to file an amended complaint. Plaintiff filed his first amended complaint on March, 26, 2008. (Doc. no. 8). It was that complaint that the Court originally screened. (Doc. no. 9).

Jimperson; (20) Georgia Department of Corrections; (21) FNU J. Jones; (22) FNU Redd; and (23) FNU Michalas, Medical Director. (Doc. no.11). Plaintiff asserts that Defendants have violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment and have violated Title II of the Americans with Disabilities Act ("ADA"). (See generally doc. no. 11).

Plaintiff asserts that he has asthma, bronchitis and multiple spinal fractures. (Id. at 2). Plaintiff is confined to a wheelchair and therefore requires assistance in moving from his wheelchair to his bed, toilet or shower. (Id.). If he does not receive the requisite assistance, Plaintiff states that his only means of transferring himself to and from his wheelchair to his bed, toilet or shower, is by "hurling" himself. (Id.). Although Plaintiff maintains that if he does not receive assistance he must hurl himself, notably, his complaint does not claim anywhere - other than in 1993 - that he did not receive the requisite assistance. However, Plaintiff notes in a conclusory fashion that hurling himself from his wheelchair often results in falls and injuries, such as spinal fractures. (Id.).

Specifically, Plaintiff proffers that in 1993 while incarcerated a Johnson State Prison, in an attempt to transfer to his bed, he fell to the floor and was hurt at the head, neck, and left arm; he also claims to have lost consciousness several times and to have suffered injuries and pains at the head, neck, back, stomach and legs. (Id.). Plaintiff further asserts that he was purposefully denied adequate medical care after many of those incidents, and that the denial of medical care is an ongoing issue. (Id.).

Plaintiff asserts that ASMP's facilities are not in compliance with the mandates of the ADA. (Id. at 4). He claims that the space allowance and the reach ranges for wheelchair

3

persons inside the law library, church, gymnasium, bathrooms, and showers, do not comply with the ADA standards. For example, Plaintiff notes that the bathrooms do not have accessible toilets, and he alleges that ASMP does not have wheelchair accessible ramps, doors, entrances, drinking fountains, water coolers, toilet stalls, shower stalls, and sinks. (Id.). In addition, Plaintiff sets forth allegations that disabled inmates are being denied "store items" by Defendant Jimperson, the store manager, presumably because the store is not wheelchair accessible. (Id. at 5).

Plaintiff states that Defendants have knowingly assigned him to a prison that would aggravate his serious medical ailment and force bodily harm upon him, as well as cause further injury to his serious medical ailment. (Id.). Plaintiff concludes that this is an unnecessary and wanton infliction of pain. (Id.).

Plaintiff also alleges that he suffered from food poisoning on or about September 27, 2007. (Id. at 4). Plaintiff filed an informal grievance in which he complained that the food trays were being served with "busted holes," which leaked water and old food over his meal. (Id.). Apparently, Plaintiff became ill again and required medical attention, as a result of another bout with food poisoning, because the trays were still being served in food containers with "busted holes." (Id.). Plaintiff maintains that from September 27, 2007 to date:

> Defendant Howell, ha[s] removed food items from Plaintiff's tray and replaced them with other food items which have and/or had some type of drug in it. Th[ese] action[s] have subjected [Plaintiff] to abdominal pain, nausea, vomiting, weight loss, chest and back pain and problems. [Plaintiff] is being poisoned by the above named defendant.

(Id. at 5).

4

Finally, Plaintiff claims that he is being denied "the full range of medical supplies, medical care and treatment and requiring him to live in a prison which is not properly equipped to secure and house handicapped patients." (Id.). Notably missing from Plaintiff's second amended complaint is the relief that he seeks in this lawsuit. However, the Court presumes from the allegations of the second amended complaint that Plaintiff is seeking injunctive relief to require ASMP to comply with ADA standards.

## II. DISCUSSION

### A. Plaintiff's Johnson State Prison § 1983 Claims

Plaintiff commenced the instant complaint in January of 2008; the alleged constitutional violations occurred on May 2, 1993, when Plaintiff injured himself - while at Johnson State Prison - when he fell on the floor in an attempt to transfer himself to his bed.[2] Plaintiff's claims are clearly subject to dismissal under the applicable two-year statute of limitations in Georgia. See Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). Under § 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he must be aware or should be aware who injured him. Rozar, 85 F.3d at 562. The incident

---

[2]Although Plaintiff summarily states there is an ongoing issue regarding his medical treatment, the Court notes that he merely cites to the 1993 fall and claims that he received insufficient medical treatment at that time, (doc. no. 11, p. 2); Plaintiff does not recount any other incident in which he hurt himself and did not receive medical treatment.

5

Plaintiff raises in his complaint occurred in May of 1993, but Plaintiff did not file the instant lawsuit until January of 2008, almost fifteen years after the events in question occurred.

As Plaintiff's claims regarding his 1993 fall and alleged insufficient medical treatment are time-barred, he has failed to state a claim upon which relief may be granted.

### B. Medical Treatment at ASMP

Initially, the Court notes that it directed Plaintiff to:

> file an amended complaint that specifies in separate counts (1) what specific conduct he alleges violates the Eighth Amendment and is actionable under 42 U.S.C. § 1983; (2) to what extent the alleged conduct underlying Plaintiff's constitutional claims also violates Title II of the ADA; (3) what specific conduct, if any, allegedly violates Title II of the ADA but does not violate the Eighth Amendment; and (4) which Defendants are sued under § 1983, Title II of the ADA, or both, and in what capacity each named Defendant is sued.

(Doc. no. 9). The only portion of the above directive that Plaintiff followed was explaining in what capacity he was suing Defendants.[3] Thus, it is somewhat difficult to discern whether Plaintiff seeks relief pursuant to Title II of the ADA, § 1983, or whether a combination of both.

Moreover, the Court notes that Plaintiff has proffered nothing more than vague and conclusory allegations regarding his medical treatment. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that vague and conclusory accusations are insufficient to state a civil rights claim); see also Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury"). "Section 1983 requires proof of an

---

[3]According to Plaintiff, he is suing every Defendant in their individual and official capacities.

6

affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted).

Plaintiff states that "the named Defendants [] are denying Plaintiff of the full range of medical supplies, medical care and treatment and requiring him to live in a prison which is not properly equipped to secure and house handicapped patients." (Doc. no. 11, p. 5). Plaintiff has not proffered any incidents in which he was denied medical treatment. In fact, when describing his food poisoning, he notes that he was treated every time he had a reaction. Simply put, Plaintiff does not allege what medical supplies and treatment he was denied; he simply states he was continuously denied treatment. Plaintiff's claims regarding his medical treatment fail as they are vague and conclusory.

### C.     Contaminated Food

Plaintiff alleges that he got food poisoning on September 27, 2007, because he was served contaminated/spoiled food. Plaintiff asserts that he filed grievances regarding the food, namely that it was being "served with busted holes which leaked water and old-food all over his meal." (Doc. no. 11). Plaintiff asserts that the food, for a second time, was served with the "busted holes" and he again became very ill, this time requiring that he be transferred to the nursing unit. (Id.). Even though Plaintiff claims this second bout with contaminated/spoiled food occurred some time in November of 2007, he also claims that from September 27, 2007 to date, Defendant Howell has been removing the food from Plaintiff's tray and replacing the food with other food items which have some type of drug in it. (Id. at 5). Plaintiff claims that this drug is causing Plaintiff abdominal pain, nausea,

7

vomiting, weight loss, chest and back pain, and other unspecified problems. (Id.). Plaintiff concludes by alleging that Defendant Howell is poisoning Plaintiff. (Id.).

Under § 1915, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)(citation and quotation omitted). Complaints "describing fantastic or delusional scenarios" are thus correctly deemed frivolous. Id. at 1349. The Eleventh Circuit has also explained that a complaint is frivolous "when it appears the plaintiff has little or no chance of success."[4] Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*) (citations omitted). Carter v. Ingalls, F. Supp. 834, 836 (S.D. Ga. 1983) (Bowen, J.) (citing Jones v. Ault, 67 F.R.D. 124, 129 (S.D. Ga. 1974) (dismissing claim for its "patent lack of merit and want of realistic chances of ultimate success").

Here, Plaintiff claims that was being served food that was contamiated/spoiled resulting in food poisoning. Plaintiff apparently complained about the purported contaminated/spoiled food to Defendant Howell, who then removed the contaminated/spoiled food and exchanged it for other food. Plaintiff then accuses Defendant Howell of drugging the "replacement food" in order to poison Plaintiff. This outlandish accusation should be dismissed for its patent lack of merit and want of realistic chances of

---

[4]"Arguable means capable of being convincingly argued. An action or claim in which 'the plaintiff's realistic chances of ultimate success are slight' is not one capable of being convincingly argued." Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)(citation omitted).

8

ultimate success.

**D.    ADA Claims**

"Title II of the ADA provides that 'no qualified individual with a disability shall by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" United States v. Georgia, 546 U.S. 151, 153-4 (2006) (citing 42 U.S.C. § 12132 (2000 ed.)). "A 'qualified individual with a disability' is defined as 'an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.'" Id. (citing 42 U.S.C. § 12131(2)). "The Act defines ' public entity' to include 'any State of local government' and 'any department, agency, . . . or other instrumentality of a State,'" 42 U.S.C. § 12131(1). (Id.). The Supreme Court in Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) concluded that the term "public entity" includes state prisons. Id. (sanctioning, among other things, a prisoner ADA claim).

To the extent Plaintiff has asserted ADA claims against individuals these claims must fail.[5] There is no individual liability under the ADA. See Mason v. Stallings, 82 F.3d 1007,

---

[5] As previously noted, Plaintiff did not specify which claims were filed pursuant to the ADA or § 1983, neither did he specify which Defendants were involved with which claims; however the Court presumes that Plaintiff names Defendant Jimperson as an "ADA Defendant," because Plaintiff alleges that because this Defendant is the store manager of ASMP and the store is not wheelchair accessible, he has prevented Plaintiff from access to the store.

1009 (11th Cir. 1996) (holding that the Disabilities Act does not provide for individual liability, only for employer liability). Thus all Defendants, with the exception of Defendants Walker and Donald in their official capacities, the State of Georgia, and the Georgia Department of Corrections, should be dismissed.[6]

### III. CONCLUSION

The Court finds, for the reasons set forth above, that Plaintiff's § 1983 claims are barred by the statute of limitations and/or fail to state a claim upon which relief may be granted, and therefore **REPORTS** and **RECOMMENDS** that Plaintiff's 42 U.S.C. § 1983 claims be **DISMISSED** for failure to state a claim upon which relief can be granted. In addition, as there is no individual liability under the ADA, the individually named Defendants Evans, Robinson, Conley, Knight, Segur, Leath, Martin, Cain, Jones, Valles, Harris, Davis, Rowan/Clark, Howell, Reaid, Jimperson, Jones, Redd, and Michalas, as well as the individual capacity claims against Defendants Walker and Donald, should be **DISMISSED**.

SO REPORTED and RECOMMENDED this 30th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants the State of Georgia, the Georgia Department of Corrections, Commissioner James E. Donald (in his official capacity), and Warden Victor Walker (in his official capacity) with respect to Plaintiff's ADA claim.

10