FILED
U.S. DISTRICT COURT

2009 MAY 29 PM 1:56

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HOMER EMMETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-014 |
| | ) | |
| VICTOR WALKER, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison located in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on Defendants' pre-answer "Motion to Dismiss." (Doc. no. 21). Plaintiff has responded to the motion (doc. nos. 24, 25, 29),[1] and Defendants have replied to Plaintiff's responses (doc. nos.

---

[1]The Court stayed discovery in this matter pending the ruling on Defendants' motion to dismiss. (Doc. nos. 22, 28). In ruling on Defendants' motion to stay, the Court noted that Defendants alleged in their motion to dismiss that Plaintiff had not exhausted his administrative remedies. (Doc. no. 28, p. 4). The Court further noted that Plaintiff did not contend that he was unable to properly oppose Defendants' motion to dismiss in the absence of discovery. Rather, Plaintiff simply requested general discovery concerning the merits of his claim. (Id.). The Court found:

> Based upon its review of Defendants' motion to dismiss, the Court concludes that the motion has the *potential* to be "case dispositive" and that discovery should be stayed pending the consideration of the motion. Feldman, 176 F.R.D. at 653. Thus, until the Court has resolved the preliminary matters raised by Defendants regarding whether Plaintiff has

27, 30). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss (doc. no. 21) be **GRANTED**, that the second amended complaint be **DISMISSED** for failure to exhaust administrative remedies, and that this civil action be **CLOSED**.

I. **BACKGROUND**

Plaintiff's second amended complaint alleges that Defendants violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment and violated Title II of the Americans with Disabilities Act ("ADA"). (See generally doc. no. 11). Plaintiff claims that the space allowance and the reach ranges for wheelchair-bound persons inside

---

exhausted his administrative remedies, it is appropriate to stay discovery, and thus spare the parties much potential wasted time and expense.

(Id.). However, because exhaustion was an issue, and Plaintiff must be given the opportunity to further develop the record in conjunction with his response to the motion to dismiss by submitting his own affidavits or other evidence contradicting Defendants' submissions, the Court allowed discovery **as to exhaustion issues** only. (Id.).

In "Plaintiff's Response to the Court's Order Dated October 28, 2008," Plaintiff claims he is unable to properly oppose Defendants' motion to dismiss in the absence of discovery. (Doc. no. 29). In support of this argument, Plaintiff maintains that without discovery he is unable to "fully present the facts and issues necessary for his supplemental opposition to Defendants' motion to dismiss." (Id. at 1). Defendants point out in their response that they have not been served with any specific discovery regarding exhaustion. (Doc. no. 30, p. 3).

First, the Court notes that Plaintiff has not filed a specific motion to compel any sort of discovery. Rather, Plaintiff expresses his wish to proceed with discovery in his response to the Court's Order directing him to file a supplemental response to Defendants' motion to dismiss. Second, Defendants provided a copy of Plaintiff's grievance record and the prison policies and procedures as attachments and/or exhibits to their motion to dismiss. The Court further notes that in addressing Defendants' motion to dismiss, discovery that addresses the merits of the claims which Plaintiff contends Defendants' have failed to provide is irrelevant, as the only matter at issue for the motion to dismiss is whether Plaintiff exhausted his administrative remedies. Therefore, to the extent Plaintiff seeks discovery concerning the merits of his claim, his request need not delay the Court's resolution of the motion to dismiss.

2

the law library, church, gymnasium, bathrooms, and showers, do not comply with the ADA standards. (See generally doc. no. 14). For example, Plaintiff notes that the bathrooms do not have accessible toilets, and he alleges that ASMP does not have wheelchair accessible ramps, doors, entrances, drinking fountains, water coolers, toilet stalls, shower stalls, and sinks. (Id.). In addition, Plaintiff sets forth allegations that disabled inmates are being denied "store items," presumably because the store is not wheelchair accessible. (Id. at 5). The Court sanctioned Plaintiff's ADA claim against the State of Georgia, the Georgia Department of Corrections, and its Commissioner (in his official capacity), and Warden Victor Walker (in his official capacity).[2] (Id. at 8).

Defendants now seek to dismiss Plaintiff's second amended complaint for Plaintiff's failure to exhaust his administrative remedies. (See generally doc. no. 21). Defendants argue that Plaintiff never filed a formal grievance addressing his ADA claim. Plaintiff concedes that he did not file a formal grievance addressing his ADA claim. However, Plaintiff argues that he did exhaust the administrative remedies that were available to him. (See generally doc. nos. 24, 25, 29). Specifically, Plaintiff explains that he submitted an informal grievance concerning his ADA claim; this informal grievance was denied by the deputy warden of care and treatment. (Doc. no. 25, Ex. B). The informal grievance was denied as a non-grievable issue, because Plaintiff failed to include any "specifics of ADA violations cited." (Id.). Plaintiff claims that he requested a formal grievance; however, because his informal grievance was denied as a non-grievable issue, he was not given a formal grievance form. Therefore, Plaintiff argues that he did exhaust the administrative remedies that were available

---

[2]The remainder of Plaintiff's claims were dismissed. (Doc. nos. 12, 16).

to him.

II. **DISCUSSION**

A. **Applicable Legal Standard for Exhaustion**

Where a defendant has filed a motion to dismiss based on failure to exhaust administrative remedies, as Defendants have here, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions.

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.
>
> . . . .
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues. . . . The defendants bear the burden of proving that the plaintiff has failed to exhaust his administrative remedies. . . . Once the court makes findings on the disputed issues of fact, it then decides whether under those findings, the prisoner has exhausted his available administrative remedies.

Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted), *cert. denied*, 129 S. Ct. 733 (U.S. Dec. 8, 2008)). Where exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

4

## B. The Administrative Grievance Process

Within the Georgia Department of Corrections, the administrative grievance process is governed by SOP IIB05-0001. Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. See SOP IIB05-0001 § VI(B). The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. Id. § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13). When an inmate attempts to grieve an item that is not grievable according to this policy, is out of time, includes threats, profanity, insults or racial slurs that are not a part of the inmate's complaint, or otherwise does not comply with the requirements of this procedure, it will be rejected, noting the specific reason for this action. Id. § VI(A)(10).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an

appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. Id.

### C. Failure to Exhaust Administrative Remedies

As noted by Defendants, the Court sanctioned only Plaintiff's ADA claim, and Defendants contend that Plaintiff failed to exhaust administrative remedies as to that claim. Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's ("PLRA") mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 92 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90-91 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006). Put

6

plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. App'x 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Following the Burnside test set forth *supra*, the Court first looks to Defendants' factual allegations. See Burnside, 541 F.3d at 1082-83. Defendants contend that Plaintiff failed to exhaust administrative remedies concerning his ADA claim because Plaintiff did not file any formal grievance concerning his ADA claim. (Doc. no. 21). In reply, Plaintiff maintains that he was unable to file a formal grievance because the deputy warden of care and treatment denied, as a non-grievable issue, his informal grievance concerning his ADA claim; because Plaintiff's informal grievance was denied as a non-grievable issue, the deputy warden of care and treatment did not give Plaintiff a formal grievance form. (Doc. no. 24, p. 2). Notably, formal grievances are not provided to inmates attempting to grieve non-grievable issues. SOP IIB05-0001 § VI(B)(13) ("The inmate must complete the informal grievance procedure before being issued a formal grievance by his/her counselor.").

7

The record reflects that Plaintiff submitted an informal grievance complaining of violations of the ADA. (Doc. no. 25, Ex. B). This informal grievance was denied as a non-grievable issue because Plaintiff failed to provide any "specifics of ADA violations cited." (Id.). As previously noted, SOP IIB05-0001 § VI(A)(10) provides that when an inmate attempts to grieve an item that is not grievable according to this policy because it does not comply with the requirements of the grievance procedure, it will be rejected, noting the specific reason for this action. Here, Plaintiff's informal grievance did not comply with the policy and was rejected because he did not provide specific enough information. SOP IIB05-0001 § VI(B)(13) states, "The inmate must complete the informal grievance procedure before being issued a formal grievance by his/her counselor." Plaintiff did not complete the informal grievance procedure; therefore, he was not given a formal grievance form. In order to properly exhaust his claims, Plaintiff must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Woodford, 548 U.S. at 90-91 (internal quotation omitted). As Plaintiff failed to complete the administrative process because he failed to comply with the procedural rules governing prisoner grievances, i.e., he did not complete the informal grievance procedure, he procedurally defaulted his claims. Johnson, 418 F.3d at 1159.

Thus, the record reflects that the parties versions of the facts do not conflict. Both parties agree that Plaintiff never filed a formal grievance. However, Plaintiff argues that he could not file a formal grievance because, the deputy warden of care and treatment refused to give Plaintiff a formal grievance form. To the extent Plaintiff argues that the deputy warden of care and treatment somehow inhibited his ability to complete the grievance

procedure by refusing to give him a formal grievance, his argument misses the mark. (Id.). Under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'"[3] Johnson, 418 F.3d at 1155, 1156. As the Court has noted *supra*, the plain language of § 1997e(a) forbids any inquiry except into whether administrative remedies are "available." In order to demonstrate that administrative remedies were unavailable, Plaintiff must point to specific facts showing that prison staff inhibited him from utilizing the grievance process. See Boyd v. Corr. Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004) ("nonspecific allegations of fear" and "subjective feeling[s] of futility" no excuse for failure to exhaust administrative remedies).

Here, the warden of care and treatment would not give Plaintiff a formal grievance form because Plaintiff's informal grievance was denied as a non-grievable issue. A careful reading of the denial of Plaintiff's informal grievance reveals that it was denied as a non-grievable issue because Plaintiff failed to include any "specifics of ADA violations cited." (Doc. no. 25, Ex. B). SOP IIB05-0001 § VI (A)(12) states that each inmate is permitted to file one informal grievance each calendar week; SOP IIB05-0001 § VI (B)(5) states that the informal grievance form must be filed no later than 10 calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance. Therefore,

---

[3]Whether that possibility may be slight is irrelevant. The Eleventh Circuit has explained that, even if the likelihood of obtaining administrative relief is akin to that of being struck by lightning, an inmate must still exhaust administrative remedies. See Alexander, 159 F.3d at 1325 (quoting Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994) ("No doubt denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Light[]ning may strike; and even if it doesn't, in denying relief the [administrative authority] may give a statement of its reasons that is helpful to the district court in considering the merits.")).

even though Plaintiff's informal grievance was denied, he could have timely filed a second informal grievance - providing the information that the warden of care and treatment indicated was lacking in his informal grievance. Indeed, the deputy warden of care and treatment states:

> [H]ad Plaintiff filed a more specific informal grievance regarding his claims of ADA violations and felt that his complaints had not been resolved, the deputy warden of care and treatment or another staff member would have signed the informal grievance and given him a formal grievance.

(Doc. no. 27, Whitaker Aff. ¶ 10).

Additionally, even if the 10 days had passed by the time Plaintiff was aware that he needed to file a new informal grievance, he could have sought permission to file an out-of-time grievance. The Court is aware that Plaintiff submitted a self-serving statement in which he claims to have requested for permission to file an out-of-time grievance on November 28, 2007 and on November 29, 2007. (See doc. no. 25, p. 4). Interestingly, this unsworn statement is included as an exhibit to an affidavit submitted by another inmate (not a party to the above-captioned case), Tony A. Goodman. (Id.). Furthermore, this statement was not prepared until September 11, 2008 – almost one year after the purported request for an out-of-time grievance was made, and several days after Defendants filed their motion to dismiss.

In this regard, it is not improper for the Court to demand some evidence beyond Plaintiff's own self-serving statements showing that administrative remedies were not available. In Kozuh v. Nichols, No. 05-15207, 2006 WL 1716049, at *2 (11th Cir. June 22, 2006), the Eleventh Circuit rejected a prisoner's claim "that he was 'thwarted' when officials

refused to respond to his grievances, leaving the grievance procedure unavailable." In rejecting Kozuh's argument for lack of evidence, the Eleventh Circuit noted the existence of contrary evidence that "Kozuh was able to file numerous informal complaints." Id. at *3. The instant case is similar. As Terry Bussey, the chief counselor and grievance coordinator at ASMP explained:

> Even if an inmate claims to have been denied a grievance form, he can still file the grievance out-of-time. On the first page of the grievance form, the inmate is given the opportunity to explain why his grievance is being filed out of time. The out-of-time grievance is reviewed for good cause. If a formal grievance is denied for being out-of-time, the inmate has an opportunity to appeal to the Commissioner's Office.

(Doc. no. 21, Bussey Aff. ¶ 8). Here, Plaintiff never filed a formal grievance; more importantly, he never completed the informal grievance procedure. Although Plaintiff maintains otherwise, there is ample evidence in the record from which to conclude that the grievance process was available to Plaintiff. Rather, it was Plaintiff who failed to avail himself of the administrative process. As such, Plaintiff failed to exhaust his administrative procedure concerning his ADA claim.[4]

Here, the grievance process was available to Plaintiff, he just failed to comply with the procedure. Had Plaintiff submitted an informal grievance containing the requisite information, he would have been able to proceed with the grievance process. Therefore, under the Burnside test, the Court finds that Plaintiff has failed to exhaust his administrative

---

[4]Plaintiff's excuse that he did not include more specific information on the informal grievance because of the limited space provided for facts is equally unavailing. First, this excuse is merely conjecture, as Plaintiff's informal grievance was not denied for going beyond the space provided. Additionally, Plaintiff did not attempt to submit a new informal grievance with the more specific information that the deputy warden indicated was needed.

11

remedies within the Georgia Department of Corrections as to his ADA claim, and thus Plaintiff's second amended complaint should be dismissed. Accordingly, Defendants' motion to dismiss for failure to exhaust should be **GRANTED**.

## III. CONCLUSION

Accordingly, for the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss (doc. no. 21) be **GRANTED**,[5] that the second amended complaint be **DISMISSED** for failure to exhaust administrative remedies, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of May, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]The Court's conclusion in this regard pretermits consideration of Defendants' remaining arguments.