IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| HOMER EMMETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 108-014 |
| | ) |
| VICTOR WALKER, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Defendants responded to Plaintiff's objections. (Doc. no. 34). The Court will address each issue in turn.

The Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies within the Georgia Department of Corrections as to his Americans with Disabilities Act ("ADA") claim, and thus Plaintiff's second amended complaint should be dismissed. (Doc. no. 31). More specifically, the Magistrate Judge noted that Plaintiff never filed a formal grievance concerning his ADA claim; indeed, he never completed the informal grievance procedure. (Id. at 11). Although Plaintiff maintains otherwise, there is ample evidence in the record from which to conclude that the grievance process was available to Plaintiff. (Id.). Rather, it was Plaintiff who failed to avail himself of the administrative process. (Id.). As such, Plaintiff failed to exhaust his administrative remedies concerning his ADA claim. (Id.).

Plaintiff objects to the Magistrate Judge's findings and raises two issues. (Doc. no. 33). Plaintiff argues, for the first time, that he was prevented from filing any formal grievance because "during the time of filing the [] grievances he was in need of special assistance with filling out the grievance forms. [H]e requested assistance from the [] named Defendants, as well as other inmates. However, his request was denied." (Id. at 1). Plaintiff claims that he needed assistance because of a "language barrier, illiteracy, as well as being physically and/or mentally handicapped." (Id.).

The Court finds Plaintiff's objection to be disingenuous. Indeed, Plaintiff, proceeding *pro se,* has capably followed the progression of the above-captioned case, has followed Court orders, and has filed his own motions, as well as appropriately responded to motions filed by Defendants. Furthermore, Plaintiff argued in his response to Defendants' motion to dismiss that he was unable to file a formal grievance, not because he needed assistance, but because the deputy warden of care and treatment would not provide him with a formal grievance form. Therefore, Plaintiff's first objection that he was unable to file grievances because he needed assistance that he did not receive is **OVERRULED**.

Secondly, Plaintiff objects to the Report and Recommendation based on the new assertion that he could not exhaust his administrative remedies because he was attempting to grieve a non-grievable issue. As stated in the Report and Recommendation, the deputy warden of care and treatment would not give Plaintiff a formal grievance form because Plaintiff's informal grievance was denied as a non-grievable issue. (Doc. no. 31, p. 9). However, a careful reading of the denial of Plaintiff's informal grievance reveals that it was denied as a non-grievable issue <u>because Plaintiff failed to include any "specifics of ADA</u>

violations cited." (Id. (citing doc. no. 25, Ex. B) (emphasis added)). The allegations in Plaintiff's complaint address the prison facility's purported non-compliance with the ADA. For example, Plaintiff complains that the space allowance and the reach ranges for wheelchair-bound persons inside the law library, church, gymnasium, bathrooms, and showers do not comply with the ADA standards. (See generally doc. no. 11). Additionally, Plaintiff complains that the bathrooms do not have accessible toilets, the prison facility does not have wheelchair accessible ramps, doors, entrances, drinking fountains, water coolers, toilet stalls, shower stalls, and sinks. (Id.). These allegations concern a "condition, policy or procedure, action or lack thereof that affects inmates and is in control of the Department of Corrections." (See doc. no. 21, Attach. 1, Standard Operating Procedures IIB05-0001 § VI(A)(5) (listing grievable conditions)). As noted by Defendants, violations or non-compliance with the ADA are conditions within the control of the Department of Corrections; therefore, Plaintiff was required to exhaust his administrative remedies concerning this claim. As such, Plaintiff second objection is **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants' motion to dismiss (doc. no. 21) is **GRANTED**, the second amended complaint is **DISMISSED** for failure to exhaust administrative remedies, and this civil action is **CLOSED**.

SO ORDERED this 23rd day of July, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

3